**SO ORDERED.**

**SIGNED this 06 day of November, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

TONY TOSH, JR.,                                    CASE NO. 12-03300-8-JRL
                                                   CHAPTER 11
    DEBTOR.

_____

### ORDER

This matter came before the court on the bankruptcy administrator's motion to convert the debtor's case to chapter 7 or in the alternative, dismiss the debtor's case pursuant to 11 U.S.C. § 1112(b). A hearing was held on November 1, 2012, in Raleigh, North Carolina.

### BACKGROUND

Tony Tosh, Jr. ("debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 1, 2012. The bankruptcy administrator held an intake conference on May 23, 2012, which was attended by the debtor, his non-filing spouse and counsel for the debtor. After indicating that he received income from rental properties he owned and wages from his spouse's business, the debtor was informed that this income would need to be deposited into a debtor-in-possession ("DIP") bank account ("DIP account"). Additionally, the debtor was made aware that

any expenses paid by his spouse, on his behalf, must be included in calculating his quarterly fee. Following this conference, neither the debtor nor his counsel contacted the bankruptcy administrator regarding any requirements and obligations placed upon the debtor.

The debtor's monthly operating report for May 2012, filed July 10, 2012, showed no cash receipts or disbursements and revealed that the debtor did not open his DIP bank account until June 8, 2012. On August 2, 2012, the debtor filed his monthly operating report for June 2012 showing income of $2,605.50 and incorrectly listing $2,527.00 in disbursements. The debtor's July monthly operating report was filed on August 31, 2012, and the summary of his DIP account shows $6,380.60 for income and disbursements of $2,750.78.[1] On September 20, 2012, the debtor filed amended monthly operating reports for May, June and July of 2012. The amended May 2012 monthly operating report listed $1,600.00 in employment wages, payments for food, utilities, insurance and medical costs totaling $1,282.77 from his spouse. According to the amended May 2012 monthly operating report, DIP account had an ending balance of $317.23. As amended, the May 2012 monthly operating report failed to reveal where the $1,600.00 in employment wages were deposited and does not list any of the debtor's transportation expenses. The amended June 2012 monthly operating report lists $2,922.83 as total income and $2,756.08 in disbursements. However, the beginning balance listed in the amended June 2012 monthly operating report ($2,922.83) does not match the ending balance for the amended May monthly operating report ($317.23). The amended July monthly operating report increases the debtor's income and disbursements to $6,547.58 and $3,781.70, respectively. Although the amended disbursement figure for July 2012 appears to reflect the amounts paid by his spouse, the amended income figure is irreconcilable with

---

[1]The July DIP account statement only revealed deposits of $3,775.00 by the debtor.

2

the amount shown in the July DIP account statements.

On October 1, 2012, the bankruptcy administrator filed the motion to convert or dismiss the debtor's case for cause, pursuant to 11 U.S.C. § 1112(b)(4). The bankruptcy administrator contends that by failing to deposit all of his income into his DIP account, the debtor is exhausting funds belonging to the bankruptcy estate without any reliable record and the debtor has not made a good faith effort in the preparation of his monthly reports. The debtor did not file a response or objection to the bankruptcy administrator's motion, nor did he or his counsel appear at the hearing.

## DISCUSSION

Section 1112(b) of the Bankruptcy Code provides:

(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

(2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that —

 (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections to not apply, within a reasonable period of time; and

 (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) —

  (i) for which there exists a reasonable justification for the act or omission; and
  (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(1)-(2). "A motion filed under this section invokes a two-step analysis, first to

3

determine whether 'cause' exists either to dismiss or convert. . . and second to determine which option is in 'the best interest of the creditors and the estate.'" Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.), 14 F.3d 240, 242 (4th Cir. 1994). Section 1112(b)(4) contains a nonexclusive list of sixteen statutory situations constituting cause for conversion or dismissal, including "gross mismanagement of the estate" or "failure timely to provide information or attend meetings reasonably requested by . . . the bankruptcy administrator[] . . . ." 11 U.S.C. § 1112(b)(4) (B), (H); see In re Forbes Transp., LLC, No. 08-07296-8-JRL, 2009 Bankr. LEXIS 841, at *2-3 (Bankr. E.D.N.C. Apr. 2, 2009) ("Section 1112(b) enumerates examples of cause sufficient to justify the conversion or dismissal of a case. However, the enumerated list in §1112(b) is not exclusive and the decision to convert or dismiss a case remains within the discretion of the court."). Once cause is established, courts in the Fourth Circuit determine which alternative, dismissal or conversion, best serves the interests of the creditors and the estate. Superior Siding & Window, Inc., 14 F.2d at 242-43.

  Despite having notice of the hearing, both the debtor and his counsel failed to appear, requiring the court to proceed in their inexcusable absence. The bankruptcy administrator presented the testimony of Rick P. Hinson, a bankruptcy analyst, who elaborated on the inaccuracies and confusion surrounding the debtor's monthly operating reports. Despite amending his May, June and July 2012 monthly operating reports, the deposits, disbursements and ending balances of his DIP account remained incorrect. For example, the July 2012 monthly operating report, as amended, overstates the DIP account's beginning balance by $3,941.98 and does not correspond to the ending balance reported in the amended June 2012 monthly operating report. Furthermore, the DIP account deposits and disbursements are overstated by $2,772.58 and $1,030.92, respectively, which caused

the ending balance to also be incorrect.

Based on the record and the uncontradicted argument and evidence presented by the bankruptcy administrator, the court finds that there is cause, pursuant to § 1112(b), to convert or dismiss the debtor's case. The bankruptcy administrator relies on monthly operating reports to assess the fiscal condition of debtors; however, the debtor's monthly operating reports, even after amendments, remain wholly misleading and plagued by inaccuracies. These inaccuracies deprive the bankruptcy administrator of critical information and further demonstrate the level of inattention and financial incompetence present in the debtor's management of the estate and its assets. See In re Broad Creek Edgewater, LP, 371 B.R. 752, 759 (Bankr. D.S.C. 2007) (finding the lack of corporate management sufficient to establish cause for dismissal or conversion for the debtor's gross mismanagement of the estate). This fiscal irresponsibility coupled with his misleading monthly operating reports are sufficient to establish the debtor's gross mismanagement of the estate under § 1112(b)(4)(B). Because it appears that the estate has sufficient assets available for a chapter 7 trustee to administer, the court concludes that conversion is an appropriate sanction for the debtor's gross mismanagement of the estate and is in the best interests of creditors.

## CONCLUSION

Based on the foregoing and in accordance with the court's oral ruling made on November 1, 2012, the bankruptcy administrator's motion to convert the debtor's case to chapter 7 is **ALLOWED.** The bankruptcy administrator is directed to appoint a chapter 7 trustee forthwith.

### END OF DOCUMENT