**SO ORDERED.**

**SIGNED this 19 day of December, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TONY TOSH, JR.,                                    CASE NO. 12-03300-8-JRL

DEBTOR.                                            CHAPTER 11

_____

### ORDER

This matter came before the court on the motion for reconsideration of its order converting the debtor's case to chapter 7 pursuant to 11 U.S.C. § 1112(b) entered November 6, 2012 ("motion for reconsideration"), to which the bankruptcy administrator has objected.[1] A hearing was held on December 13, 2012, in Raleigh, North Carolina.

### BACKGROUND

Tony Tosh, Jr. ("debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 1, 2012. The bankruptcy administrator filed a motion seeking to convert the debtor's case to chapter 7 or in the alternative, dismiss the debtor's case pursuant to 11 U.S.C.

---

[1] Joining the bankruptcy administrator's objection were the chapter 7 trustee and JPMorgan Chase Bank, N.A.("JPMorgan").

1

§ 1112(b) on October 1, 2012, and a hearing was held on November 1, 2012. The hearing proceeded despite the inexcusable absence of both the debtor and his counsel. The testimony presented by the bankruptcy administrator elaborated on the basis of her motion to convert, that despite being granted generous opportunities for amendment, inaccuracies and confusion continued to plague the debtor's monthly operating reports.[2] The court entered an order granting the bankruptcy administrator's motion to convert on November 6, 2012, after finding the debtor's apparent fiscal irresponsibility and continuously misleading monthly operating reports were sufficient to establish his gross mismanagement of the estate under § 1112(b)(4)(B). An order was entered on November 6, 2012, appointing the chapter 7 trustee to administer the debtor's estate. The debtor filed the motion for reconsideration of the November 6, 2012 order on November 5, 2012, citing excusable neglect as grounds for the court to set aside its prior order. On November 26, 2012, the bankruptcy administrator filed a response objecting to the debtor's motion for reconsideration, contending that the court should not reconsider its order converting the debtor's case; however, in the alternative, if the court concludes that reconsideration is necessary, she requested the court issue a formal reprimand and sanctions.

## DISCUSSION

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure, which is made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023(e). To prevail on a motion for reconsideration, the movant must demonstrate one of the enumerated grounds for relief, which are: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

---

[2] Despite amending his May, June and July 2012 monthly operating reports, the deposits, disbursements and ending balances of his DIP account remained incorrect.

2

(3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993); see, e.g., Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (noting that reconsideration of a prior judgment or order is "an extraordinary remedy which should be used sparingly," and is not intended to allow a party to relitigate matters the court has previously heard); In re Smithville Crossing, LLC, No. 11-02573, 2011 WL 6751462, at *1 (Bankr. E.D.N.C. Dec. 22, 2011).

> Section 1112(b) of the Bankruptcy Code provides:
>
> (1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that —
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections to not apply, within a reasonable period of time; and
>>
>> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) —
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(1)-(2). Section 1112(b)(4) contains a nonexclusive list of sixteen statutory situations constituting cause for conversion or dismissal, including "gross mismanagement of the estate . . . ." 11 U.S.C. § 1112(b)(4)(B). Although § 1112(b) lists examples of cause justifying the

conversion or dismissal of a case, "the enumerated list in §1112(b) is not exclusive and the decision to convert or dismiss a case remains within the discretion of the court." In re Forbes Transp., LLC, No. 08-07296-8-JRL, 2009 Bankr. LEXIS 841, at *2-3 (Bankr. E.D.N.C. Apr. 2, 2009).

Based on the record and the evidence presented by the debtor and the bankruptcy administrator, the court finds that the requisite showing under Fed. R. Civ. P. 59(e) for a motion to reconsider has been met by the debtor. In ascertaining cause sufficient to convert the debtor's case in the November 6, 2012 order, the court found that the debtor's inattention and fiscal mismanagement present in his monthly operating reports evidenced his gross mismanagement of the estate. Additionally, the court emphasized that the debtor's inaccurate and incomplete monthly operating reports deprived the bankruptcy administrator of the ability to assess his financial condition and discern other critical information relating to the administration of the estate. Although hesitant to reconsider the November 6, 2012 order, the basis upon which the court converted the debtor's case – his gross mismanagement of the estate – has been addressed by the debtor. The testimony of the debtor and his wife reveal that the issues and inaccuracies plaguing his monthly operating reporting have been corrected and further persuade the court that the debtor's monthly operating reports will be accurate in the future. Although the bankruptcy administrator and JPMorgan have raised doubts as to the feasibility of any plan of reorganization proposed by the debtor, feasibility is an issue addressed at confirmation, not here. Furthermore, the court cannot ignore the fact that the debtor is making his required payments. Because it appears that counsel has taken responsibility for failing to appear at the earlier hearing and the debtor has taken measures to address the inaccuracies and reporting problems plaguing his monthly operating reports, reconsideration is warranted.

## CONCLUSION

Based on the foregoing, the motion for reconsideration of the November 6, 2012 order is **ALLOWED.** Any administrative expenses incurred by the chapter 7 trustee remain administrative expenses payable at confirmation and the chapter 7 trustee is invited to file a claim for any amounts expended in the administration of the estate.

**END OF DOCUMENT**