**SO ORDERED.**

**SIGNED this 11 day of June, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TONY TOSH, JR.,                           CASE NO. 12–03300–8–JRL
                                          CHAPTER 11
    DEBTOR.

___

### ORDER

This matter came before the court on the final report and application for compensation of Robert Lewis, Jr. of The Lewis Law Firm, P.A. (collectively "counsel") for services provided and expenses incurred as counsel for Tony Tosh, Jr. ("debtor"), to which the bankruptcy administrator has objected.

### BACKGROUND

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 1, 2012. The debtor's chapter 11 plan of reorganization was confirmed by order entered on May 16, 2013. The debtor's statement of financial affairs, listing all payments related to debt counseling or bankruptcy within the preceding year, states that between March 22, 2012 and April 11, 2012, counsel received $5,600.00, which consisted of filing fees ($1,046.00), credit counseling,

1

credit reports, due diligence and other legal expenses. The disclosure of compensation required pursuant to § 329(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2016(b), however, states that counsel agreed to accept $30,000.00 for legal services rendered to the debtor in contemplation of or in connection with his bankruptcy case, $4.954.00 of which had been received prior to filing. The source of these previously received fees and the remaining balance to be paid, $25,046.00, was the debtor.

On April 29, 2013 and approximately one year after the petition date, counsel filed an application for employment <u>nunc</u> <u>pro</u> <u>tunc</u>. The affidavit attached to the application, which was executed by counsel, stated that the debtor paid a retainer of $6,000.00, all of which was utilized for filing fees, miscellaneous expenses and attorney's fees counsel incurred prepetition. Counsel's affidavit also avers that "[a]t the time the petition was filed, there was no outstanding balance representing attorney fees and expenses incurred by The Lewis Law Firm, P.A., in anticipation of the Chapter 11 filing."

On May 2, 2013 and while his application for employment was pending, counsel filed the application for compensation currently before the court, requesting approval of attorney's fees in the amount of $32,696.75, which represents 205.8 hours at a discount billing rate of $225.00 per hour for services provided for the period of May 1, 2012 through April 20, 2013. The application for compensation and supporting documentation indicate that counsel incurred total attorney's fees in the amount of $46,304.50; however, he provided the debtor with a discount by reducing his hourly billing rate to $225.00 per hour and exclude any fees relating to services provided or work completed by his office staff.

On May 10, 2013, counsel filed a compensation disclosure indicating that Shante Tosh

("debtor's spouse"), on April 16, 2013, paid him $10,000.00 on behalf of the debtor for services rendered and expenses incurred by counsel in connection with the debtor's case.[1] Counsel discloses that the funds were placed in his trust account and, with the court's authorization, counsel intends to apply them to the outstanding balance owed by the debtor.

After a hearing, the court entered an order denying counsel's application for employment nunc pro tunc on May 21, 2013, holding that counsel's oversight and inattentiveness in failing to obtain court–approval of his employment, "[wa]s not a sufficient extraordinary circumstance to warrant entry of a nunc pro tunc order." In re Tosh, No. 12–03300–8–JRL, at 7–8 (Bankr. E.D.N.C. May 21, 2013) (citation omitted). This court, in reaching its conclusion, observed that the application for employment was "patently inaccurate and riddled with inconsistent statements." Id. at 8. The court found that these inconsistencies and counsel's pattern of inattentive conduct, together with the absence of an acceptable reason for his unreasonably long delay in filing an application for employment, did not support a finding of excusable neglect. Id. at 7–8.

Counsel, in the application for compensation presently before the court, fails to provide any justification or explanation why his sole application for compensation was filed post–confirmation. In her consolidated objection, filed on May 13, 2013, the bankruptcy administrator requests that the

---

[1]The disclosure, in its entirety, reads as follows:

NOW COMES Counsel for the Debtor and informs the court as follows, on April 16, 2013 the Debtor's wife, Shante Tosh paid Robert Lewis, Jr., of the Lewis Law Firm, P.A., Ten Thousand Dollars 0/100 ($10,000.00) on behalf of the Debtor. Said funds were not derived from property of the estate. Said funds have been deposited into the Lewis Law Firm's Trust account and remain in said account until further Order of this Court. The Lewis Law Firm, P.A., upon authorization by the Court intends to draw down on said funds to reduce the outstanding balance owed to the Lewis Law Firm, P.A. by the Debtor.

3

application for compensation be denied. Despite having numerous opportunities to disclose the $10,000.00 postpetition payment received from the debtor's spouse, counsel failure to disclose this payment in his application for employment, application for compensation and other responsive filings in the debtor's case violates Fed. R. Bankr. P. 2016(b).

## DISCUSSION

Section 330(a) of the Bankruptcy Code,[2] governing the compensation of officers and professionals, provides that "the court may award to . . . *a professional person employed under section 327 or 1103* – (A) reasonable compensation for actual, necessary services rendered by the . . . professional person[] or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1) (emphasis added). Section 327 and Fed. R. Bankr. P. 2014 "make it abundantly clear that only those professionals whose employment is authorized by the court may be compensated under 11 U.S.C. § 330." In re Carolina Sales Corp., 45 B.R. 750, 752 (Bankr. E.D.N.C. 1985) (citation omitted); see, e.g., In re Patton, 358 B.R. 911, 916 (Bankr. S.D. Tex. 2007) (holding that "only an attorney retained under § 327 may receive compensation pursuant to § 330." (citing In re Foster, 247 B.R. 731, 732 (Bankr. S.D. Ohio 2000)); In re Stoico Rest. Grp. Inc., 271 B.R. 655, 662 (Bankr. D. Kan. 2002) (holding that the court has no discretion, under § 330(a)(1) to allow compensation where the professional person or attorney is not employed under § 327 or § 1103). Section 330(a) "does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327." Lamie v. United States, 540 U.S. 526, 538 (2004); see, e.g., Atkins v.

---

[2] All section references, unless otherwise indicated, are to the Bankruptcy Code, Title 11 of the United States Code.

Wain, Samuel & Co. (In re Atkins), 69 F.3d 970, 973 (9th Cir. 1995); In re Spencer, 48 B.R. 168, 171 (Bankr. E.D.N.C. 1985) ("Failure to obtain prior court approval [of the employment of counsel] will result in a denial of attorney's fees." (citation omitted)).  Employment under § 327(a) is a condition precedent to compensation under § 330, In re Grabill Corp., 983 F.2d 773 (7 th Cir. 1993); therefore,  "[c]ourt approval of the employment of counsel for a debtor in possession is sine qua non to counsel getting paid. DeRonde v. Shirley (In re Shirley), 134 B.R. 940, 943–44 (9th Cir. BAP 1992) ("Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees."); accord In re Greystone on Payette, LLC, 410 B.R. 900 (Bankr. D. Idaho 2009); In re United Container LLC, 305 B.R. 120, 129 (Bankr. M.D. Fla. 2003) (stating the "general rule . . . [that] professional persons are not entitled to any compensation for postpetition services if they did not obtain prior approval of their employment from the Court." (citations omitted)).

    Based on the record in the instant case, the court cannot approve any compensation for postpetition legal services rendered by counsel, nor reimbursement for any costs he incurred under § 330 because his employment, nunc pro tunc or otherwise, was not authorized under § 327. See, e.g., Lamie, 540 U.S. at 534 ("A debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation."); Shirley, 134 B.R. at 943–44. Alternatively and in accordance with the concerns raised in the bankruptcy administrator's objection, counsel's violations of the disclosure requirements imposed by the Bankruptcy Code and Fed. R. Bankr. P. 2016(b) are sufficient to support denial of compensation, regardless of whether the omissions are materially adverse to the interests of the debtor's bankruptcy estate. In re CF Holding Corp., 164 B.R. 799, 807 (Bankr. D. Conn. 1994); In re Miracle Christian Int'l Life Center,

No. 08–03474, 2008 WL 5145392, *2 (Bankr. E.D.N.C. Dec. 5, 2008) (denying, in part, an application for compensation where debtor's counsel failed to disclose the existence of a deed of trust executed by the debtor as security for present and future legal services rendered in connection with the bankruptcy case); see, e.g., 3 Collier on Bankruptcy ¶ 330.08[1][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Absent compliance with the Code or Bankruptcy Rules, there is no right to compensation."); In re Alfieri, No. 11–01285, 2012 WL 642787, at *2 (Bankr. M.D. Fla. Feb. 24, 2012) (holding that "an attorney must clearly and with specificity disclose all terms relating to his fee agreement with his client in his statement of compensation or forfeit the right to receive payment."). Any postpetition payments made by the debtor or any third–party on his behalf to counsel for services provided or expenses incurred in connection with the debtor's case must be disgorged. Although this appears to be a harsh result, strict enforcement and adherence to the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure governing compensation of attorneys and other professionals is necessary to protect the integrity of the bankruptcy system. See In re Downtown Invest. Club III, 89 B.R. 59, 63–64 (9th Cir. BAP 1988) ("There is no unjust hardship in requiring attorneys to observe the strict requirements of § 327 [and § 330] because professionals are charged with knowledge of the law.").

## CONCLUSION

Based on the foregoing, the application for compensation is **DENIED.** Consequently, counsel is not entitled to allowance of compensation in the amount of $32,696.75 for postpetition services provided in connection with the debtor's case for the period of May 1, 2012 through April 20, 2013.

**END OF DOCUMENT**