**SO ORDERED.**

**SIGNED this 12 day of June, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TONY TOSH, JR.,                                    CASE NO. 12-03300-8-JRL

    DEBTOR.                                           CHAPTER 11

### ORDER

This matter came before the court on the bankruptcy administrator's motion for an examination of the debtor's transactions with his attorney, Robert Lewis, Jr. of The Lewis Law Firm, P.A. (collectively "counsel") pursuant to Fed. R. Bankr. P. 2017.

On May 1, 2012, the debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The debtor's chapter 11 plan of reorganization was confirmed by order entered on May 16, 2013. In a previous order entered on May 21, 2013, the court denied counsel's application for employment nunc pro tunc on the grounds that counsel's inattentiveness and pattern of conduct, together with his failure to obtain court–approval of his employment, "[wa]s not a sufficient extraordinary circumstance to warranty entry of a nunc pro tunc order." In re Tosh, No. 12–03300–8–JRL, at 7–8 (Bankr. E.D.N.C. May 21, 2013) (quoting In re Carolina Sales Corp., 45

1

B.R. 750, 755 (Bankr. E.D.N.C. 1985)) (hereinafter "Tosh I"). The court directed counsel "to hold the $10,000.00 paid by the debtor's spouse [paid on the debtor's behalf] in his trust account pending further order of th[e] court." Id. at 8. Thereafter and by separate order, dated June 11, 2013, the court denied counsel's application for compensation and reimbursement of expenses incurred in connection with the debtor's case in the amount of $32,696.75 for the period of May 1, 2012 through April 20, 2013. See In re Tosh, No. 12–03300–8–JRL, at 5 (Bankr. E.D.N.C. June 11, 2013) ("[T]he court cannot approve any compensation for postpetition legal services rendered by counsel, nor reimbursement for any costs he incurred under § 330 because his employment . . . was not authorized under § 327." (citations omitted)) (hereinafter "Tosh II"). Thus, the court has not approved the payment of any compensation to counsel nor has it approved a partial disbursement of the funds counsel was ordered to hold in his trust account. See id.

On April 25, 2013, the bankruptcy administrator filed the motion currently before the court, which was prompted by the inconsistencies between the amount of compensation disclosed by the debtor in his statement of financial affairs and the compensation disclosed by counsel pursuant to § 329(a) and Fed. R. Bankr. P. 2016(b).[1] In her motion, the bankruptcy administrator seeks an order requiring counsel to provide documentation relating to his transactions with the debtor and encompassing fourteen specifically identified categories, including all time sheets, ledgers, billing statements, payment receipts, and communications regarding fees or requests for payment. Counsel's response, filed on April 29, 2013, asserts that the bankruptcy administrator is conducting

---

[1] Out of an abundance of caution, the bankruptcy administrator filed a separate motion under Fed. R. Bankr. P. 2004 on April 30, 2013, seeking the production of the documents requested in her Fed. R. Bankr. P. 2017 motion. The motions, for purposes of this decision, will be consolidated.

a "fishing expedition" and is treating him differently than other attorneys practicing in this district. Counsel argues, albeit incorrectly, that the lack of an objection by the debtor or a party in interest leaves the bankruptcy administrator with no grounds for her motion. In addition to acknowledging that he forwarded the debtor an invoice following confirmation of his chapter 11 plan of reorganization, his response states the following:

> Counsel for the Debtor avers that he forwarded the Debtor an invoice for legal services rendered in the bankruptcy in the amount of $35,817.50 at the request of the Debtor's spouse who informed Debtor's Counsel that she would be paying Debtor's legal fees. Said invoice was forwarded to the Debtor's spouse on April 8, 2013.[2]

Rule 2017 of the Federal Rules of Bankruptcy Procedure, governing examinations of the debtors' transactions with their attorney, provides as follows:

> (a) Payment or transfer to attorney before order for relief
>
> On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.
>
> (b) Payment or transfer to attorney after order for relief
>
> On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Fed. R. Bankr. P. 2017. The bankruptcy court, pursuant to Fed. R. Bankr. P. 2017, has the authority

---

[2]The amount of the total outstanding balance owed to counsel in connection with the debtor's case, which he represented was $35,817.50, is wholly inconsistent with the amount later sought in his application for compensation, $32,696.75.

and the obligation to review the reasonableness of any compensation paid to attorneys for work performed prior to and after entry of the order for relief.  Bergstrom v. Dalkon Shield Claimants Tr. (In re A.H. Robins Co., Inc.), 86 F.3d 364, 373 (4th Cir. 1996); accord In re Sledge, 352 B.R. 742, 747 (Bankr. E.D.N.C. 2006) ("Rule 2017 allows the court, upon motion, to determine whether any payment made by the debtors to an attorney, either before or after entry of an order for relief, is excessive.").  By its terms, Fed. R. Bankr. P. 2017 "centers on determining whether a fee is 'excessive.'" In re Church, 438 B.R. 334, 344 (Bankr. N.D. Ala. 2010) (citation omitted).

Where, as here, counsel has not been employed by the debtor nor allowed any compensation for the postpetition services rendered or expenses incurred in connection with the debtor's case, see Tosh II, No. 12–03300–8–JRL, at 5, an examination pursuant to Fed. R. Bankr. P. 2017 is not necessary.  However, this does not relieve counsel of his duty to supplement his disclosure of compensation required under § 329 and  Fed. R. Bankr. P. 2016(b) to include the source and form of all the payments made either by the debtor or on his behalf by a third party. See, e.g., In re Ramelah, No. 08–5074, 2009 WL 1213953, at *6 (E.D. Pa. May 5, 2009) ("The disclosure obligations of § 329 are mandatory, not permissive." (citation omitted)); id. at *7 ("[A]n attorney who fails to comply with the requirements of § 329 forfeits the right to receive compensation for services rendered on behalf of the debtor, and a court may order an attorney sua sponte to disgorge funds already paid to the attorney.").

Based on the foregoing, the bankruptcy administrator's motion for Fed. R. Bankr. P. 2017 examination of the debtor's transactions with counsel is **DENIED.**

**END OF DOCUMENT**